**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dequaun McLean, | No. CV-20-00293-TUC-JGZ (MSA) |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

The record reflects that *pro se* Plaintiff Dequaun McLean has failed to comply with this Court's order and rules to keep the Court informed of his address. Accordingly, the Court will dismiss this action.

## DISCUSSION

Parties are required to serve a notice of a change of address in accordance with LRCiv 83.3(d) of the Local Rules of Practice and Procedure of the U.S. District Court for the District of Arizona. At the inception of this action, the Clerk of Court informed Plaintiff that he must file a change of address if his address changed during the pendency of this action. (Doc. 2, p. 2.) The Court repeated this requirement in its screening order, warning Plaintiff that failure to notify the Court of an address change may result in dismissal of this action. (Doc. 3, p. 4.)

Plaintiff has failed to comply with this local rule and the Court's orders. On October 26, 2020 and January 4, 2021, mail sent to Plaintiff at his address of record was returned to the Court as undeliverable, bearing the notation that delivery was "attempted - not

known." (Docs. 6, 11.)  The "[f]ailure to follow a district court's local rules is a proper ground for dismissal," *Ghazali v. Moran,* 46 F.3d 52, 53 (9th Cir. 1995), as is failure to comply with the Court's orders.  Fed. R. Civ. P. 41(b).

Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc*., 587 F.2d 27, 29 (9th Cir. 1978). Plaintiff's failure to keep the Court informed of his current address also constitutes a failure to prosecute as well as a failure to comply with LRCiv 83.3(d) and the Court's screening order.  *See Carey v. King,* 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address."). District courts have the inherent power to dismiss a case *sua sponte* for failure to prosecute. *Link v. Wabash Railroad Co.,* 370 U.S. 626, 629–31 (1962).  In appropriate circumstances, the Court may dismiss a case for failure to prosecute even without notice or hearing. *Id*. at 633.

In determining whether dismissal is warranted, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)); *see also Ghazali,* 46 F.3d at 53 (same). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus, the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first three factors favor dismissal of this case as Plaintiff has made no effort to continue with this action as evidenced by his failure to keep the Court apprised of his current address for approximately three months.  The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available.  Because the Court has no mailing address for Plaintiff, "[a]n order to show cause why dismissal [is] not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail."  *Carey,* 856 F.2d at

1441. The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the dismissal order states otherwise[.]" In this case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. The petition will therefore be dismissed without prejudice.

Accordingly,

**IT IS ORDERED** that this action is dismissed without prejudice for failure to prosecute and for failure to comply with the Court's orders and rules. The Clerk of Court is directed to enter judgment accordingly and to close its file in this action.

Dated this 25th day of January, 2021.

_____
Honorable Jennifer G. Zipps
United States District Judge